# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                            )
CAUSE OF ACTION INSTITUTE                   )
1875 Eye Street, NW                         )
Suite 800                                   )
Washington, DC  20006,                      )
                                            )
              Plaintiff,                    )
                                            )
       v.                                   )   Civil Action No. 16-2179
                                            )
UNITED STATES DEPARTMENT OF                 )
THE TREASURY                                )
1500 Pennsylvania Avenue, N.W.              )
Washington, D.C.  20220,                    )
                                            )
                                            )
              Defendant.                    )
_____)


## COMPLAINT

1.     Plaintiff Cause of Action Institute ("CoA Institute") brings this action under the

Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to obtain access to records improperly

withheld by Defendant United States Department of the Treasury ("Defendant" or "Treasury").

The records at issue concern a special process instituted by Defendant for reviewing records

containing "sensitive information" prior to releasing them pursuant to the FOIA.  Defendant has

delayed for more than three years and failed to issue a final determination on or produce any

records responsive to the FOIA request within that time.  In doing so, Defendant has withheld

records to which CoA Institute has a right and which serve the public interest in transparent and

accountable government.

## NATURE OF THE ACTON

2.      Since 2009, federal administrative agencies have been instituting procedures by which so-called "sensitive information" and proposed redactions undergo a special review process before disclosure in response to FOIA requests.  Inspectors General have reported the use of "sensitive review" or a substantially similar process at Treasury, as well as at the Departments of Homeland Security, Interior, Commerce, Agriculture, Health & Human Services, Housing and Urban Development, and Veterans Affairs.[1]

3.      Sensitive review often is conducted by political appointees such as an agency's general counsel, chief of staff, and other senior advisors and counselors—and sometimes by the Office of the White House Counsel—rather than by career FOIA professionals.  *See, e.g.,* Laura Meckler, *Hillary Clinton's State Department Staff Kept Tight Rein on Records,* Wall St. J. (May 19, 2015), *available at* http://on.wsj.com/1Y4riE1 (political appointees at State Department "scrutinized politically sensitive documents requested under public-records law and sometimes blocked their release").  At some agencies, sensitive review is applied not only to information the agency's management considers sensitive but also to any FOIA request from a representative of the news media or where the request is likely to attract media or political

---

[1] *See, e.g.,* Inspector Gen., Dep't of the Treasury, Report of Inquiry, *Treasury Freedom of Information Act Request Review* (2010) at 1-2, 5-6, 8, *available at* http://coainst.org/2f00hTL; Inspector Gen., Dep't of Homeland Security, *The DHS Privacy Office Implementation of the Freedom of Information Act* (OIG-11-67) (2011) [hereinafter "DHS IG Rep."] at 1, 8, 11, *available at* http://coainst.org/2eoWlv7; Inspector Gen., Dep't of Interior, *Freedom of Information Act Inquiry* (Rep. No. ER-IS-MOA-0004-2010) (2010) [hereinafter "Interior IG Rep."] at 3, *available at* http://coainst.org/2ehcgcZ; Letter from Daniel R. Levinson, Inspector Gen., Dep't of Health & Human Serv's to Hon. Charles E. Grassley, Sen. Judiciary Comm. (Feb. 24, 2011) at 1, *available at* http://coainst.org/2eAey5X; Letter from Kenneth M. Donohue, Inspector Gen., Dep't of Housing and Urban Dev. to Hon. Darrell F. Issa, H.R. Comm. on Oversight and Gov't Reform (Sep. 29, 2010) at 1, *available at* http://coainst.org/2eLsSsE; Letter from Todd J. Zinser, Inspector Gen., Dep't of Commerce to Hon. Charles E. Grassley, Sen. Finance Comm. and Hon. Darrell Issa, H.R. Comm. on Oversight and Gov't Reform (Sep. 21, 2010) at 1, *available at* http://coainst.org/2dPPTMm; Letter from Phyllis K. Fong, Inspector Gen., Dep't of Agriculture to Hon. Darrell Issa, H.R. Comm. on Oversight and Gov't Reform (Oct. 8, 2010) at 1-2, *available at* http://coainst.org/2eCIW1h.

attention.  *See, e.g.,* Internal Rev. Manual § 11.3.13.2(7) (Aug. 14, 2013) (requiring a "sensitive case report" for FOIA requests "of interest to the news media").

4.      Appointees conducting sensitive review have sometimes required staff to find and provide information about requesters that FOIA does not require or authorize staff to provide, such as where the requestors live, who they work for, and whether their employer is politically active or part of the news media.  *See, e.g.,* Ted Bridis, *Despite Obama openness directive, Homeland Security created political filter for freedom of information requests, A Political Filter for Info Requests,* Associated Press (Jul. 21, 2010), *available at* http://coainst.org/2eolgAW; Ted Bridis, *Playing politics with public records requests, Department of Homeland Security facing scrutiny over a scrapped policy,* Associated Press (Jul. 21, 2010), *available at* http://coainst.org/2eyeSqh.

5.      The sensitive review process often delays FOIA processing, sometimes adding months and even years to an agency's response time.  *See., e.g.,* Interior IG Rep. at 3 (6-year delay involving White House review of six outstanding requests from LA Times reporter); DHS IG Report at 8, 11, 12-13 (delays caused by special review); *see also* Eliana Johnson, *The Obama Administration's Newly Political Approach to FOIAs,* Nat'l Rev. (Jun. 9, 2015), *available at* http://bit.ly/1UwGsit (describing internal government documents about sensitive review at Treasury, Homeland Security, and IRS and delayed FOIA responses).

6.      To better understand the Treasury sensitive review procedures, CoA Institute submitted a FOIA request to the agency in June 2013 seeking records relating to its sensitive review process.  *See* Ex. 1.

7.      At set forth below, notwithstanding CoA Institute's repeated inquiries since that time and Defendant's agreement in a mediation sponsored by the Office of Government

Information Services to begin production of responsive records, Defendant still has not produced any responsive records more than 1,224 days (3 years and 4 months) after receiving the CoA Institute FOIA request.

## JURISDICTION AND VENUE

8.      Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 552(a)(4)(B), (a)(6)(E)(iii).

9.      Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

10.      CoA Institute is a non-profit strategic oversight group committed to ensuring that government decision-making is open, honest, and fair.  In carrying out its mission, CoA Institute uses various investigative and legal tools to educate the public about the importance of government transparency and accountability.  CoA Institute regularly requests access under the FOIA to the public records of federal agencies, entities, and offices, including the Treasury, and disseminates its findings, analysis, and commentary to the general public.

11.      Treasury is an agency within the meaning of 5 U.S.C. § 552(f)(1) and has possession, custody, and control of records to which CoA Institute seeks access and that are the subject of this Complaint.

## FACTS

A.      **The June 25, 2013 FOIA Request**

12.      By letter, dated June 25, 2013, CoA Institute submitted a FOIA request to Treasury seeking records relating to the agency's special FOIA review process for sensitive information.  Ex. 1.

13.     CoA Institute also requested a public interest fee waiver and classification as a representative of the news media for fee purposes. *Id.*

14.     By letter, dated July 1, 2013, Defendant acknowledged receipt of the FOIA request and assigned it tracking number 2013-06-131.  Ex. 2.

15.     Defendant's acknowledgement asserted that "unusual circumstances" with respect to the FOIA request "requires an additional processing extension of ten (10) days" because "two or more offices will need to be consulted to determine a response" and because "the timeframe of the requested records have [sic] the potential of resulting in voluminous records."  *Id.*

16.     Over the next two years, despite attempts by CoA Institute to secure a response from Treasury, the agency failed to respond or give any substantive update on its processing of the request.  *See* Exs. 3–4.

17.     By letter, dated October 6, 2015, CoA Institute wrote to Ryan Law, Treasury's Director of FOIA and Transparency, attached CoA Institute's FOIA request and Treasury's acknowledgement, and explained that 833 days (more than twenty-seven months) had passed since CoA Institute had submitted its FOIA request, that CoA Institute's repeated telephone and email inquiries had gone unanswered, and that Treasury had not yet issued any determination on the FOIA request.  *See* Ex. 4.  CoA Institute requested a final determination and prompt production of responsive records.  *Id.*

18.     Defendant never responded to CoA Institute's October 6, 2015 inquiry.

**B.     <u>Mediation by the Office of Government Information Services</u>**

19.     The Office of Government Information Services ("OGIS") is part of the U.S. National Archives and Records Administration.  *See* 5 U.S.C. § 552(h)(1).  It is charged with "reviewing FOIA policies, procedures and compliance of Federal agencies" and its "mission includes resolving FOIA disputes between Federal agencies and requesters."  The U.S. National

Archives and Records Admin., Office of Government Information Services, "The Federal FOIA

Ombudsman, OGIS Home Page" https://ogis.archives.gov/ (last visited Oct. 14, 2016).  In

particular, "OGIS provides mediation services – ranging from formal mediation to facilitation to

ombuds services – to resolve disputes between FOIA requesters and Federal agencies."  The U.S.

National Archives and Records Administration, Office of Government Information Services,

"The OGIS Library," http://coainst.org/2e3Zpu3 (last visited Oct. 14, 2016).

20.      By letter, dated November 3, 2015, CoA Institute wrote to OGIS pursuant to

5 U.S.C. § 552(h)(3) to request mediation services with respect to its June 25, 2013 FOIA

request to Treasury.  *See* Ex. 5.  CoA Institute noted that 861 days (more than twenty-eight

months) had passed since Defendant received the FOIA request and that the agency had been

unresponsive after its initial acknowledgment of the request.  *Id.*

21.      OGIS replied by email dated November 4, 2015, assigned the request for

mediation a case number (# 201600152), and stated that the request would "be assigned to an

OGIS Facilitator who will contact [CoA Institute] accordingly."  Ex. 6.

22.      By email, dated November 17, 2015, Hirsh Kravitz, an attorney-advisor with

OGIS, wrote CoA Institute to state that he would "reach out to Treasury and inquire about your

case."  Ex. 7 at 2.

23.      By email, dated March 4, 2016, Mr. Kravitz informed CoA Institute that he had

spoken with Treasury and that the agency wished to know if CoA Institute "would be willing to

accept several interim responses while they process your request."  Ex. 8 at 3.  Mr. Kravitz

conveyed Treasury's proposal to provide four interim responses, including a proposal for

narrowing the fourth item of the FOIA request, as follows:

> 1st – Cover e-mail, cover sheets, and memoranda provided to the review committee
> since December 31, 2009;

2nd – Processing metrics for the sensitive FOIA requests since December 31, 2009.

3rd – Agendas for all sensitive review committee meetings since December 31, 2009.

4th – As it pertains to item 4 of the request, Treasury would like to see if we can help narrow the scope. According to Treasury, this item has the potential to produce a voluminous amount of documents, in which would be difficult and timely to process.  They wanted me to see if it would be possible to narrow the scope by month, specific FOIA request, specific office, specific names or subject?

*Id.* at 4.

24.     CoA Institute responded by return email on March 11, 2016 to state that it would accept the interim productions and that it was "willing to examine a narrowed scope for Item 4," but that it had not yet decided how to do so.  *Id.*  CoA Institute asked whether "in the meantime, would it be possible for Treasury to begin its interim productions?"  *Id.* at 1.

25.     In response, Mr. Kravitz stated that "Treasury will proceed on the interim responses and hold off on item 4 until you let me know about the scope."  *Id.*

26.     A week later, by letter dated March 18, 2016, James V.M.L. Holzer, Director of OGIS, sent a formal letter to CoA Institute outlining the above agreement of the parties with respect to the June 2, 2013 FOIA request.  *See* Ex. 9.  In particular, the OGIS letter stated that "Treasury will provide interim responses as follows:

- The first response will include emails, cover sheets, and memoranda provided to the review committee since December 31, 2009

- The second response will include processing metrics for sensitive FOIA requests since December 31, 2009

- The third response will include agendas for all sensitive review committee meetings since December 31, 2009."

*Id.* at 2.  The letter also stated that, "[r]egarding the suggestion that you consider ways to narrow item four of your request, the agency will wait to hear from you about how you wish to move forward."  *Id.* at 3.

C.    **Treasury's Continued Refusal to Respond to the FOIA Request**

27.    On March 29, 2016, Karen Edwards, an Information Disclosure Specialist in

Defendant's Office of FOIA and Transparency, spoke with CoA Institute by telephone to explain

that Treasury wished to provide its responses in a different order from that laid out in in the

March 18, 2016 letter from OGIS.  Ms. Edwards followed up on that telephone conversation by

an email of the same date to confirm that Treasury "will be providing Cause of Action interim

responses in an order different from that mentioned in James Holzer's letter (Hirsh Kravitz,

OGIS) dated March 18, 2016."  Exh. 10 at 3.  Specifically, Ms. Edwards stated that she would

process records for Item #3, followed by Item #2 and then by Item #1.  *Id.*

28.    By email, dated March 31, 2016, CoA Institute agreed to Treasury's proposed re-

ordering of the interim responses and stated that the parties "will discuss the possible narrowing

of Item 4 once these initial rolling productions are completed."  *Id.* at 2-3.

29.    Thereafter, in response to inquiries from CoA Institute, Ms. Edwards sent emails

on June 30, 2016, August 5, 2016, August 11, 2015, and September 1, 2016 to inform CoA

Institute that she had not yet heard back from "Legal," did not yet know when production could

begin, and would update CoA Institute once "I know more."  Ex. 10 at 1-2; Ex. 11 at 1-2.

30.    Since the last communication on September 1, 2016, Treasury has not provided

any further update on the processing of the June 25, 2013 FOIA request.  It has not issued a final

determination on or produced any records responsive to the request.

## COUNT 1
### Violation of the FOIA: Failure To Issue Final Determination and Produce Responsive Records

31.    Plaintiff repeats paragraphs 1 through 30.

32.     The FOIA requires agencies to respond to requests within twenty business days or, in "unusual circumstances," within thirty business days.  5 U.S.C. §§ 552(a)(6)(A)–(B).  If an agency requires additional time, the FOIA mandates that the agency provide the requester "an opportunity to arrange with the agency an alternative time frame for processing the request[.]" *Id.* § 552(a)(6)(B)(ii).

33.     To date, 875 weekdays (1,225 days total) have passed since Treasury received the CoA Institute FOIA request on June 25, 2013.  Defendant has failed to issue a final determination on or produce any responsive documents to that request within the applicable FOIA time limits.

34.     Defendant also failed to comply with FOIA in that it never "arrange[d] . . . an alternative time frame" for responding to the FOIA request.  Despite agreeing in the OGIS mediation process to begin producing responsive records on a rolling basis, Treasury never provided an estimated date of completion nor produced any responsive records.

35.     CoA Institute has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C).

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests and prays that this Court:

A.     Order Treasury to process the June 25, 2013 FOIA request expeditiously and make a final determination within twenty (20) business days of the date of the Order;

B.     Order Treasury to produce all responsive records promptly after issuing its final determination;

C.      Order Treasury to issue a *Vaughn* index accompanying the records produced

        explaining each redaction or withholding;[2]

D.      Award CoA Institute its costs and reasonable attorney fees incurred in this action

        pursuant to 5 U.S.C. § 552(a)(4)(E); and

E.      Grant such other relief as the Court may deem just and proper.


Date: November 1, 2016                     Respectfully submitted,

                                           */s/  Michael R. Geske*
                                           Michael R. Geske
                                           (D.C. Bar No. 426848)
                                           mike.geske@causeofaction.org
                                           Lee A. Steven
                                           (D.C. Bar No.468543)
                                           lee.steven@causeofaction.org

                                           CAUSE OF ACTION INSTITUTE
                                           1875 Eye Street, NW, Suite 800
                                           Washington, DC  20006
                                           Telephone: (202) 499-4232
                                           Facsimile: (202) 330-5842

                                           *Counsel for Plaintiff*

---

[2] *See generally Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973) (requiring an agency to prepare an index correlating each withheld document, or portion thereof, with a specific FOIA exemption and nondisclosure justification).